UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN J. NIKOLICH, both individually and upon behalf of the community property marital estate of STEVEN J. NIKOLICH and MARCIA A. NIKOLICH,<br><br>            Plaintiffs,<br><br>    v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY, an Ohio corporation; and, THE PROGRESSIVE COMPANY, an Ohio corporation,<br><br>            Defendants. | CASE NO. 3:25-cv-05825-JNW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

## 1. INTRODUCTION

Plaintiffs Steven and Marcia Nikolich pursue claims against Defendants Progressive Casualty Insurance Company and The Progressive Company[1] under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and under

---

[1] Defendants contend that "The Progressive Company" does not exist, and that Plaintiffs likely meant to name "The Progressive Corporation." As Plaintiffs did not respond to this assertion, the Court continues to identify "The Progressive Company" as a Defendant.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

Washington's Criminal Profiteering Act ("little RICO"), RCW 9A.82. On September 24, 2020, Plaintiffs' daughter was in a car accident. They allege the car was totaled as a result. Plaintiffs submitted an insurance claim to Progressive, which Progressive denied. Defendants continued to withdraw monthly insurance premium payments automatically from Plaintiffs' bank account after the accident. Defendants move to dismiss for failure to state a claim. Dkt. No. 17. The Court GRANTS the motion for the reasons below.

## 2.   DISCUSSION

### 2.1   Legal standard.

The Court will grant a Rule 12(b)(6) motion if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a motion to dismiss, the Court accepts factual allegations pled in the complaint as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021).

### 2.2   The statute of limitations bars Plaintiffs' claims.

The statute of limitations for RICO claims is four years. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 152 (1987). The Ninth Circuit follows the "injury discovery rule" to determine when the statute of limitations begins to run for RICO claims. *Grimmett v. Brown*, 75 F.3d 506, 510–11 (9th Cir.

1996). This rule has two components. *Id.* "First, the civil RICO limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action." *Id.* at 510 (citation modified). Notably, "[t]he plaintiff need not discover that the injury is part of a 'pattern of racketeering' for the period to begin to run." *Id.*

The second component is the "separate accrual rule," "which provides that a new cause of action accrues for each new and independent injury, even if the RICO violation causing the injury happened more than four years before." *Id.* To cause a "new and independent injury" that will restart the statute of limitations, the RICO defendant must engage in an "overt act." *See id.* at 513. An overt act must be a "new and independent act that is not merely a reaffirmation of a previous act." *Id.* (citation modified). Courts have found that the passive receipt of payments, without more, is not an "overt act" that restarts the limitations period. *Best v. Combs*, Case No. CV 24-9751 PA (SKx), 2025 WL 1674393, at *7 (C.D. Cal. June 3, 2025) ("[T]he continued royalty payments do not bring [plaintiff's] RICO claims within the limitations period."); *Towne v. Robbins*, No. CIV. CV02-1688-MO, 2005 WL 139077, at *3 (D. Or. Jan. 20, 2005) ("The continued payment of royalties cannot serve as a new injury under the separate accrual rule."); *cf. U.S. Airways v. Sabre Holding Corp.*, 938 F.3d 43, 68 (2d Cir. 2019) (quoting *Eichman v. Fotomat Corp.*, 880 F.2d 149, 160 (9th Cir. 1989)) ("[T]he passive receipt of profits from an illegal contract by an antitrust defendant is not an overt act . . . which will restart the statute of limitations.").

Here, Plaintiffs allege that Defendants continued to unlawfully collect insurance premiums after the accident on September 24, 2020, but they did not file their complaint until September 16, 2025. Dkt. No. 1 ¶¶ 12–15. No allegations explain when Plaintiffs discovered the alleged injury, or why it took them so long to bring this lawsuit. Indeed, Plaintiffs assert that they "demanded Progressive Casualty immediately cease withdrawing electronic funds transfer[s]," but they fail to state when they made that demand. *Id*. ¶ 16.

Additionally, Plaintiffs' briefing completely fails to address Defendants' statute of limitations argument. Under Local Civil Rule 7(b)(2), "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that motion has merit." LCR 7(b)(2). "This rule also applies to the failure to respond to individual claims in a motion to dismiss." *Block Mining, Inc. v. Hosting Source, LLC*, Case No. C24-0319JLR, 2024 WL 6076388, at *9 (W.D. Wash. Oct. 4, 2024 (citing *Hold Sec. LLC v. Microsoft Corp.*, 705 F. Supp. 3d 1231, 1245 (W.D. Wash. 2023) (compiling cases so holding)). Given Plaintiffs' failure to respond to Defendants' statute of limitations argument and the complaint's failure to articulate any new, independent injury arising within the limitations period, the Court finds that the statute of limitations bars Plaintiffs' RICO claims.

The statute of limitations for Plaintiffs' little RICO claim under Washington law is three years and begins to run "after discovery of the pattern of criminal profiteering activity or after the pattern should reasonably have been discovered." *See* RCW 9A.82.100(7)(a). Plaintiffs' opposition brief ignores the applicable statute of limitations under Washington law and again fails to address Defendants'

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 4

arguments. For their claims to be timely, Plaintiffs must assert that they did not discover, or could not have reasonably discovered, "the [alleged] pattern of criminal profiteering activity" until after September 16, 2022. None of the factual allegations in the complaint support such a late discovery of Plaintiffs' injuries. Accordingly, the statute of limitations also bars Plaintiffs' Washington claim.

**2.3   Plaintiffs fail to state a RICO claim.**

Defendants also argue that Plaintiffs have not pled viable civil RICO claims. The Court agrees.

The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014) (quoting *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir.2005)). Racketeering activity includes specific, indictable conduct listed under 18 U.S.C. § 1961(1). *Id*. Where, as here, the alleged predicate acts are mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343), Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applies. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004); *Bitton v. Gencor Nutrientes, Inc.*, 654 F. App'x 358, 363 (9th Cir.  2016) ("Circumstances constituting fraud must be pleaded with particularity; that is also the case when alleged fraud forms the predicate acts of a RICO claim.") (citation modified). The complaint fails to adequately plead at least three of these elements.

First, Plaintiffs have not alleged a RICO enterprise distinct from the defendants. A RICO claim requires that the enterprise be separate from the person conducting its affairs. When the alleged enterprise consists of a parent corporation and its subsidiary, the plaintiff must plead facts showing activity beyond the normal corporate relationship; otherwise, "every corporation that has subsidiaries and commits fraud is an enterprise for RICO purposes." *Chagby v. Target Corp.*, No. CV 08-4425-GHK (PJWx), 2009 WL 398972, at *1 n.2 (C.D. Cal. Feb. 11, 2009); *see also Moran v. Entrust Grp., Inc.*, 675 F. App'x 643, 645 (9th Cir. 2017). Plaintiffs' complaint lists dozens of Progressive subsidiaries but alleges no facts showing these entities acted outside their ordinary corporate structure to pursue an unlawful purpose.

Second, Plaintiffs have not alleged a pattern of racketeering activity. There is no "pattern" where there is "a single episode with a single purpose which happened to involve more than one act taken to achieve that purpose." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992). The complaint describes the collection of premiums on one policy, from one policyholder, under one accident. That subsequent monthly payments were involved does not transform a single billing dispute into a RICO pattern.

Third, Plaintiffs have not pled the predicate acts with particularity. The elements of mail and wire fraud are the same: "(A) the formation of a scheme to defraud, (B) the use of the mails or wires in furtherance of that scheme, and (C) the specific intent to defraud." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). The complaint's factual allegations establish that

Plaintiffs' car was insured by Progressive, and that Plaintiffs paid their insurance premiums through automatic, monthly payments from their bank account. Dkt. No. 1 ¶ 11. And that after an accident in September 2020, Progressive denied coverage for an unknown reason. *Id.* ¶ 14. Plaintiffs allege the car was totaled in the accident, *see id.* ¶ 12, but they do not state whether the insurance policy still covered the car. Progressive continued to withdraw insurance premiums from the same bank account after the accident. *Id.* ¶ 15. The Court cannot reasonably infer from these facts that Defendants formed a scheme to defraud, or that they had the "specific intent to defraud" Plaintiffs. *Eclectic Props. E., LLC*, 751 F.3d at 997. While Plaintiffs repeatedly characterize Defendants' conduct as "felonious, wrongful, criminal, and fraudulent," *see, e.g.,* Dkt. No. 1 at 17, 22, 23, 24, 27, 45, 50, 51, these are legal conclusions the Court does not accept as true in a Rule 12(b)(6) analysis. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Plaintiffs also allege that Defendants engaged in "racketeering activity"—or a predicate act under RICO—by violating the Travel Act, 18 U.S.C. § 1952. "The Travel Act provides that '[w]hoever . . . uses the mail or any facility in interstate or foreign commerce' with intent to carry on unlawful activity is guilty of a crime." *United States v. Nader*, 542 F.3d 713, 717 (9th Cir. 2008) (quoting 18 U.S.C. § 1952(a)). The statute defines "unlawful activity" as:

> (1) any business enterprise involving gambling, liquor on which the Federal excise tax has not been paid, narcotics or controlled substances . . ., or prostitution offenses in violation of the laws of the State in which they are committed or of the United States, (2) extortion, bribery, or arson in violation of the laws of the State in which committed or of the

United States, or (3) any act which is indictable under subchapter II of chapter 53 of title 31, United States Code [31 U.S.C. §§ 5311–36], or under section 1956 or 1957 of this title [18 U.S.C. §§ 1956, 1957].

18 U.S.C. § 1952(b). The statutes referenced by 18 U.S.C. § 1952(b) are unrelated to the alleged misconduct here. For instance, 18 U.S.C. § 1956 deals with money laundering, while 18 U.S.C. § 1957 prohibits "engag[ing] in a monetary transaction in criminally derived property of a value greater than $10,000." One could not reasonably infer from Plaintiffs' factual allegations that Defendants' conduct is "unlawful activity" as defined by the Travel Act.

Accordingly, Plaintiffs fail to state viable civil RICO claims.

**2.4   The Court dismisses Plaintiffs' Declaratory Judgment Act claim.**

The Declaratory Judgment Act "does not provide a cause of action when a party . . . lacks a cause of action under a separate statute and seeks to use the Act to obtain affirmative relief." *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022). Because the Court has dismissed Plaintiffs' other causes of action, their Declaratory Judgment Act claim cannot survive independently. *See id.* Accordingly, the Court dismisses it.

**2.5   Dismissal is with leave to amend.**

Plaintiffs request leave to amend their complaint, should the Court grant Defendants' motion to dismiss. Dkt. No. 21 at 34. They do not explain how they plan to cure the significant deficiencies in their complaint, and the Court is skeptical that they will be able to do so. Nevertheless, district courts must allow leave to amend "unless it is clear, upon de novo review, that the complaint could not be

saved by amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (quoting *Polich v. Burlington N., Inc.,* 942 F.2d 1467, 1472 (9th Cir.1991)). Because Plaintiffs might be able to save the complaint by pleading more facts and fewer legal conclusions, the Court grants their request for leave to amend.

### 3.   CONCLUSION

Accordingly, the Court GRANTS Defendants' motion to dismiss, Dkt. No. 17, and dismisses the complaint with leave to amend. Plaintiffs must file an amended complaint within FOURTEEN (14) days of the date of this Order. The Clerk is directed to place this deadline on the Court's calendar.

Failure to timely file an amended complaint that addresses the deficiencies identified in this order will result in dismissal without prejudice.

Dated this 17th day of February, 2026.

                                Jamal N. Whitehead
                                United States District Judge