THE HONORABLE JAMAL N WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN J. NIKOLICH, both individually and upon behalf of the community property marital estate of STEVEN J. NIKOLICH and MARCIA A. NIKOLICH,

Plaintiffs,

v.

PROGRESSIVE CASUALTY INSURANCE COMPANY, an Ohio corporation; and, THE PROGRESSIVE COMPANY,[1] an Ohio corporation,

Defendants.

Case No.: 3:25-cv-05825-JNW

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

**NOTE ON MOTION CALENDAR: APRIL 13, 2026**

### INTRODUCTION

This is Plaintiffs' second attempt to manufacture a series of RICO claims against Progressive Casualty and its parent company based on monthly insurance premiums Plaintiffs admittedly authorized for a vehicle Plaintiffs added to their policy after it was involved in an accident.

---

[1] According to their Amended Complaint, Plaintiffs seek to sue Progressive Casualty Insurance Company and its parent corporation (Am. Compl. ¶ 6) which Plaintiffs misidentify as "The Progressive Company." "The Progressive Company" does not exist—instead, The Progressive *Corporation* is Progressive Casualty Insurance Company's corporate parent. For purposes of this Motion, Defendants treat all references to the erroneously named "Progressive Company" as references to "The Progressive Corporation."

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT
CASE NO.: 3:25-CV-05825-JNW

1

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

The Court dismissed Plaintiffs' original complaint as time-barred and because Plaintiffs failed to adequately plead the existence of a RICO enterprise or a pattern of racketeering. The Court granted Plaintiffs leave to amend to "cure the significant deficiencies in their complaint" by "pleading more facts and fewer legal conclusions" but expressed skepticism that Plaintiffs would be able to do so. Order on Motion to Dismiss ("Order"), Dkt. # 24 at p. 8–9.

The Court's skepticism was well-founded. Plaintiffs' Amended Complaint does not cure any of the deficiencies in their original complaint and instead continues to rely on voluminous and unsupported legal conclusions. In fact, the most prominent changes appear to be the removal of Plaintiffs' state-law RICO claims and the addition of a second list of each monthly payment with a parenthetical listing the date of the payment and the date four years after the payment (those payments were already listed by date in the original complaint). *Compare* Dkt. # 1, Compl. at p. 18 of 119 to 22 of 119 *with* Dkt. # 25, Am. Compl. at p. 19 of 153 to 30 of 153. Other changes are merely cosmetic, such as expanding the description of the refund Progressive issued to Plaintiffs as an "offensively, insulting, paltry sum" to an "offensively, perniciously, perfidiously, ignominiously, insulting, ***de minimis***, niggardly and paltry sum." *Compare* Dkt. # 1, Compl. ¶ 18B *with* Dkt. # 25, Am. Compl. ¶ 18B.

What the Amended Complaint lacks entirely, however, is any new *factual* allegation that would establish a plausible RICO enterprise or pattern of racketeering activity, or that would render Plaintiffs' RICO claims timely. Accordingly, the Court should again dismiss Plaintiffs' complaint, this time without further leave to amend.

## STATEMENT OF FACTS

On September 24, 2020, Plaintiffs' daughter, Danica Nikolich, was involved in an accident while driving Plaintiffs' 2013 Ford Fusion, rendering that vehicle "inoperable and unrepairable." Am. Compl. ¶ 12.

Plaintiffs allege that, at some point "in 2020," they had contracted with Progressive

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT
CASE NO.: 3:25-CV-05825-JNW

2

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

Casualty to obtain insurance "for a certain motor vehicle owned by plaintiffs"—presumably referring to the 2013 Ford Fusion. Am. Compl. ¶ 11. Plaintiffs admit that they "expressly consented to and authorized Progressive Casualty to withdraw monies by electronic funds transfer from plaintiffs' bank account" to pay the policy premiums. *Id.*

Following the September 24, 2020 accident, Plaintiffs submitted an insurance claim, which Progressive Casualty denied. Am. Compl. ¶¶ 13–14. Specifically, Progressive Casualty denied the claim because, at the time of the accident, Danica Nikolich was not a listed driver on the policy, and because the 2013 Ford Fusion was not a listed vehicle on the policy. *See* Dkt. # 18, Declaration of D. Kavouras ("Kavouras Decl."), Ex. A, February 17, 2022 Ltr. from Progressive Casualty to Danica Nikolich.[2]

After Plaintiffs added the 2013 Ford Fusion to the policy effective September 25, 2020, it remained on the policy and Plaintiffs continued to pay the associated monthly premiums until they cancelled the policy in February 2024. Am. Compl. ¶¶ 15, 18; *see also e* Dkt. # 18, Kavouras Decl., Ex. B.

Several months after cancelling their policy, Plaintiffs—through counsel—sent a demand to Progressive Casualty for a refund of the premiums paid for the 2013 Ford Fusion. Am. Compl. ¶ 18A. Plaintiffs' counsel alleges that he subsequently called Progressive Casualty, and that a company representative stated during that call that Progressive Casualty would issue the requested refund. *Id*. ¶¶ 18AA–18AAA. Nevertheless, Plaintiffs allege Progressive Casualty issued only a partial refund and Plaintiffs' subsequent demands for a larger refund were rejected. *Id*. ¶¶ 18B, 18E.

---

[2] Although Plaintiffs allege the 2013 Ford Fusion relevant to this litigation was a "covered vehicle" at the time of the accident on September 24, 2020, their policy documents show that they added the 2013 Ford Fusion to their policy on September 25, 2020—the day *after* the accident—and it remained on the policy through multiple policy renewals through February 2024. *See* Dkt. # 18, Kavouras Decl., Ex. B, Plaintiffs' Policy Records. *See Univ. Ins., LLC v. Allstate Ins. Co.*, 564 F. Supp. 3d 934, 938 (W.D. Wash. 2021) (on a motion to dismiss, the Court can consider a document not attached to the complaint if the complaint "refers extensively" to that document, or the document "forms the basis of" a claim asserted in the complaint).

| DEFENDANTS' MOTION TO DISMISS | 3 | BAKER & HOSTETLER LLP |
| PLAINTIFFS' AMENDED COMPLAINT | | 999 Third Avenue, Suite 3900 |
| CASE NO.: 3:25-CV-05825-JNW | | Seattle, WA  98104-4076 |
| | | Telephone:  (206) 332-1380 |

Plaintiffs filed a complaint under both the federal and Washington's "little RICO" statute which the Court dismissed as untimely and because Plaintiffs failed to plead the most basic elements of a RICO claim—a RICO enterprise and a pattern of racketeering activity. Order, Dkt. # 24. On March 1, 2026, Plaintiffs filed this Amended Complaint Dkt. # 25 seeking the same relief under the same RICO statutes. And because Plaintiffs have not provided the Court with any new facts that would render its claim timely or meritorious, the same result is warranted.

## LAW AND ARGUMENT

### I.     Plaintiffs' RICO Claims Are Barred By The Statute of Limitations.

The statute of limitations for a federal RICO claim is four years, and begins to run when "a plaintiff knows or should know of the injury that underlies his cause of action." Order, Dkt.# 24 at 3 (citing *Grimmett v. Brown*, 75 F.3d 506, 510-11 (9th Cir. 1996) (internal quotations omitted)). A new cause of action accrues and restarts the statute of limitations only if the defendant engages in "a new and independent act that is not merely a reaffirmation of a previous act." *Id.* at 3 (citing *Grimmett*, 75 F.3d at 510) (internal quotations omitted)).

Here, Plaintiffs allege that Progressive Casualty began wrongfully collecting monthly insurance premiums after the accident in September 2020, but they did not file their complaint until five years later, in September 2025. Dkt. # 25, Am. Compl. ¶ 18. Plaintiffs' Amended Complaint argues that "each and every individual electronic monetary transfer constitutes an independent, separate contravention" of RICO, and therefore the fact that those automatic monthly payments continued until January 2024 renders at least some of their RICO claims timely. *Id.* ¶¶ 18A, 24. But as this Court has already held, the "passive receipt of payments, without more, is not an overt act that restarts the limitations period." Dkt. # 24, Order at 3 (collecting cases).

Plaintiffs offer no new facts to refute that fundamental flaw. Nor have Plaintiffs alleged any facts suggesting they were prevented from discovering the monthly premium payments

or filing this lawsuit before September 2025. Indeed, Plaintiffs freely admit that they "expressly consented to and authorized Progressive Casualty to withdraw monies by electronic funds transfer from plaintiffs' bank account" to pay those premiums. Am. Compl. ¶ 11.

Because Plaintiffs did not file their complaint until five years after the transfers began, Plaintiffs' RICO claims fall outside the applicable limitations period and should be dismissed with prejudice on that basis alone.

## II.   Plaintiffs' RICO Claims Fail.

Even if Plaintiffs had managed to plead new facts to render their claim timely, their claims would still fail because Plaintiffs cannot plead the most basic elements of a RICO cause of action—a RICO enterprise and a pattern of racketeering activity.

### A. Plaintiffs failed to plead the existence of a RICO enterprise.

To state a civil RICO claim, a plaintiff must allege "that one or more defendant 'persons' conducted or participated in the activities of an 'enterprise' through a pattern of racketeering activity." *Capitol West Appraisals v. Countrywide Fin. Corp.*, 2009 WL 10677052, at *2 (W.D. Wash. Sept. 30, 2009). In other words, the plaintiff must prove "the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001).

Plaintiffs assert that Progressive Casualty and its parent corporation constitute a RICO enterprise. But where, as here, an alleged enterprise "consists of a parent corporation and its subsidiary, the plaintiff must plead facts showing activity beyond the normal corporate relationship; otherwise, every corporation that has subsidiaries and commits fraud is an enterprise for RICO purposes." Dkt. # 24, Order at 6 (citing *Chagby v. Target Corp.*, No. CV 08-4425-GHK (PJWx), 2009 WL 398972, at *1 n.2 (C.D. Cal. Feb. 11, 2009)). Here, the Court dismissed Plaintiffs' original complaint because, although it "list[ed] dozens of

Progressive subsidiaries, [Plaintiffs] allege[d] no facts showing these entities acted outside their ordinary corporate structure to pursue an unlawful purpose." *Id.* at 6. Plaintiffs' Amended Complaint fails for the same reason. Indeed, there are no new facts pled in Plaintiffs' Amended Complaint demonstrating that any of the Progressive entities did anything more than act within their ordinary corporate structure to collect insurance premiums on a policy that was never cancelled. *See Lee v. General Nutrition Cos., Inc.*, 2001 WL 34032651, at *14 (C.D. Cal. Nov. 26, 2001) (dismissing RICO claim because plaintiff failed to show an enterprise where "each of the persons pled operated within a unified corporate structure and were guided by a single corporate consciousness"); *Moran v. Entrust Grp.*, 675 F. App'x 641, 645 (9th Cir. 2017) (dismissing RICO claim where plaintiff failed to explain "how The Entrust Group and Entrust Administration are separate and distinct from the alleged enterprise, consisting only of members of the same corporate family").

Accordingly, the Court should again dismiss Plaintiffs' RICO claims for failure to establish the existence of a RICO enterprise.

**B. Plaintiffs failed to plead a pattern of racketeering activity.**

To state a RICO claim, a plaintiff must demonstrate that the defendant "(1) participated in (2) an enterprise (3) through a pattern (4) of racketeering activity that (5) proximately caused the claimant's harm." *Lang v. Strange*, 2022 WL 168698, at *8 (W.D. Wash. Jan. 19, 2022).

Here, Plaintiffs allege that Progressive Casualty engaged in a pattern of racketeering activity—specifically mail and wire fraud—by collecting (via electronic funds transfers) insurance premium payments from Plaintiffs for a vehicle that was totaled in an accident. But those allegations do not establish a pattern of racketeering activity sufficient to state a RICO claim. This Court has already found that "the collection of premiums on one policy, from one policyholder, under one accident [where] subsequent monthly payments were involved does not transform a single billing dispute into a RICO pattern." Dkt.# 24, Order at 6 (citing *Sever*

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT
CASE NO.: 3:25-CV-05825-JNW                    6                    BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

*v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992)). And Plaintiffs' Amended Complaint has not identified any new facts demonstrating anything more than a single billing dispute between Plaintiffs and Progressive regarding a single totaled vehicle.

Moreover, Plaintiffs have not pled the predicate acts of racketeering with any particularity. Here, Plaintiffs' RICO claims are based on allegations of mail and wire fraud—both of which require Plaintiffs to demonstrate that Progressive not only "form[ed] a scheme to defraud" Plaintiffs but also that Progressive had "the specific intend to defraud." Dkt. # 24, Order at 6 (citing *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014)). The Court found that the facts alleged in Plaintiffs' original complaint—namely, that Progressive continued to withdraw insurance premiums from Plaintiffs after their car was totaled—do not demonstrate a scheme or specific intent to defraud. *Id.* at 7. Plaintiffs' Amended Complaint similarly fails to identify facts that rise to the level of a scheme or specific intent to defraud. Instead, the majority of Plaintiffs' amendments are nothing more than bare legal conclusions. But legal conclusions do not satisfy Plaintiffs' pleading burden. *Id.* at 7 (rejecting Plaintiffs' characterizations of Defendants' conduct as "wrongful, criminal, and fraudulent" as legal conclusions that need not be accepted as true).

Because Plaintiffs again failed to plead, with particularity, a pattern of racketeering activity for purposes of their RICO claims, these claims should again be dismissed.

**III.    Plaintiffs' Declaratory Judgment Claim Fails.**

The Declaratory Judgment Act "does not provide a cause of action when a party . . . lacks a cause of action under a separate statute and seeks to use the Act to obtain affirmative relief." *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022). Because Plaintiffs' Amended Complaint does not state a RICO claim under either the federal or Washington statutes, their Declaratory Judgment Act claim, too, must fail.

**IV.    Dismissal Should Be Without Leave to Amend.**

The Court should again dismiss Plaintiffs' Complaint, this time without leave to

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT
CASE NO.: 3:25-CV-05825-JNW

7

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

amend. Indeed, "where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *Nguyen v Endologix, Inc.*, 962 F3d 405, 420 (9th Cir. 2020) (internal quotations and citation omitted). And where, as here, Plaintiffs have already "made [their] best case" and it is still "wanting," there is no abuse of discretion in denying leave to amend. *Id.*

## CONCLUSION

For the foregoing reasons, each of Plaintiffs' claims for relief should be dismissed with prejudice.

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT
CASE NO.: 3:25-CV-05825-JNW

8

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

**CERTIFICATE OF CONFERRAL**

Pursuant to Section 5.6 of the Court's Chamber Procedures, I certify that counsel for Defendants attempted to confer with counsel for Plaintiffs multiple times regarding this Motion, but were unable to do so. Defendants' counsel will update the Court if the parties are able to reach an agreement on the above motion.

*Daniel M. Kavouras*
Daniel M. Kavouras
Counsel for Defendants

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT
CASE NO.: 3:25-CV-05825-JNW

9

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

DATED: March 16, 2026

**BAKER & HOSTETLER LLP**

*s/ Logan F. Peppin*
Logan F. Peppin, WSBA #55704
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: (206) 332-1380
Email: lpeppin@bakerlaw.com

Daniel M. Kavouras (admitted *pro hac vice*)
Brittany N. Lockyer (admitted *pro hac vice*)
**BAKER & HOSTETLER LLP**
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Tel: (216) 861-7099
Emails: dkavouras@bakerlaw.com
        blockyer@bakerlaw.com

*Attorneys for Defendants Progressive Casualty Insurance Company and The Progressive Company*

I certify that this memorandum contains 2,200 words, in compliance with the Local Civil Rules.

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT
CASE NO.: 3:25-CV-05825-JNW

10

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and/or e-mailed to counsel below:

Dean Browning Webb, WSBA #10735
5515 N.W. Pacific Rim Boulevard Apt. #103
Camas, Washington 98607
Tel: (360) 241-1656
E-mail: ricoman1968@ao1.com

*s/ Cheryl A. Phillips*
Cheryl A. Phillips, Legal Assistant

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT
CASE NO.: 3:25-CV-05825-JNW

11

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380