UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN J. NIKOLICH, both individually and upon behalf of the community property marital estate of STEVEN J. NIKOLICH and MARCIA A. NIKOLICH,<br><br>          Plaintiffs,<br><br>    v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY, an Ohio corporation; and THE PROGRESSIVE COMPANY, an Ohio corporation,<br><br>          Defendants. | CASE NO. 3:25-cv-05825-JNW<br><br>DISMISSAL ORDER |

## 1.  INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss. Dkt. No. 26. Having reviewed the motion, the opposition, Dkt. No. 27, the reply, Dkt. No. 28, the relevant record, and all other supporting materials, the Court GRANTS the Motion.

DISMISSAL ORDER - 1

## 2.  BACKGROUND

Plaintiffs Steven and Marcia Nikolich pursue claims against Defendants Progressive Casualty Insurance Company and The Progressive Company[1] under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and under Washington's Criminal Profiteering Act ("little RICO"), RCW 9A.82. On September 24, 2020, Plaintiffs' daughter was in a car accident. They allege the car was totaled as a result. Plaintiffs submitted an insurance claim to Progressive, which Progressive denied. Defendants continued to withdraw monthly insurance premium payments automatically from Plaintiffs' bank account after the accident.

On February 17, 2026, the Court dismissed Plaintiffs' claims upon finding that the statute of limitations had run and that they had failed to adequately allege facts needed to support a civil RICO claim. Dkt. No. 24. Plaintiffs were given leave to amend to address the "significant deficiencies" in the complaint. *Id.* at 8. Plaintiffs filed their Amended Complaint on March 1, 2026, Dkt. No. 25, and Defendants again moved to dismiss. Dkt. No. 26.

## 3.  DISCUSSION

Defendants argue that, despite amendment, Plaintiffs' RICO claims are still barred by the statute of limitations. Dkt. No. 26 at 4. The Court agrees. The statute of limitations for RICO claims is four years. *Agency Holding Corp. v. Malley-Duff &*

---

[1] "The Progressive Company" named by Plaintiffs as Defendants in this matter does not exist. Plaintiffs likely meant to name "The Progressive Corporation." Despite Plaintiffs' lengthy footnote demonstrating this point, *see* Dkt. No. 25 at 9 n. 1, they have not corrected this error, and so the Court continues to identify the non-existent "The Progressive Company" as a Defendant.

DISMISSAL ORDER - 2

*Associates, Inc.*, 483 U.S. 143, 152 (1987). As in the previous complaint, Plaintiffs allege that Defendants continued to unlawfully collect insurance premiums after the accident on September 24, 2020, and "demanded . . . immediately" that the collections cease in light of the vehicle being totaled. Dkt. No. 25 ¶¶ 12–13, 16. But Plaintiffs did not file their complaint until September 16, 2025, *see* Dkt. No. 1, well outside both the four-year statute of limitations for civil RICO claims and the three-year limitation on little RICO claims. *See* Dkt. No. 24 at 4–5. And while the Amended Complaint provides a list of insurance payments running from September 2020 to February 13, 2024, "passive receipt of payment[ ], without more, is not an 'overt act' that restarts the limitations period" on Plaintiffs' RICO claims. Dkt. No. 24 at 3 (collecting cases).

## 4.  CONCLUSION

Accordingly, the Court finds that Plaintiffs' RICO claims are barred by the statute of limitations. Those claims are DISMISSED. And because Plaintiffs' Declaratory Judgment Act claim cannot survive independently, that claim is also DISMISSED.

Plaintiffs request leave to amend their amended complaint, Dkt. No. 27 at 38, despite having already been afforded the opportunity to do so. Setting aside its skepticism, the Court previously allowed Plaintiffs to amend their complaint so that they could "plead[ ] more facts and fewer legal conclusions," Dkt. No. 24 at 9. Plaintiffs have failed to do so. Because Plaintiffs' claims and complaint cannot be saved by further amendment, the Court DENIES Plaintiffs leave to amend and DISMISSES this matter WITH PREJUDICE.

Dated this 24th day of June, 2026.

Jamal N. Whitehead
United States District Judge

DISMISSAL ORDER - 4